UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 24-cv-61203-GAYLES

DONALD MELTON COLE,

      **Plaintiff,**

v.

UNITED STATES,

      **Defendant,**
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record.

On July 9, 2024, Plaintiff Donald Melton Cole, appearing pro se, filed a Complaint against the United States using the "Complaint for a Civil Case" form for pro se litigants.[1] [ECF No. 1]. Plaintiff's Complaint is incoherent and, in some places, illegible. Plaintiff states that the basis for this Court's jurisdiction is "[b]asically forcible felonies in stockholming listed in lower court Broward 24-001446." *Id.* Plaintiff attaches to his Complaint pleadings from a proceeding in the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court"). [ECF No. 1-2]. The attachments include multiple nonsensical motions filed in the State Court and rambling emails Plaintiff sent to state and federal officials.[2]

The Court is obligated to consider whether a claim falls within its subject matter jurisdiction and dismiss the claim if it finds subject matter jurisdiction to be lacking. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); accord Fed. R. Civ. P. 12(h)(3). "Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case." *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs*

---

[1] Plaintiff lists the "United States" as Defendant in the caption of the form Complaint but lists the "WH Puppetry" in the section listing the parties. [ECF No. 1].
[2] Plaintiff also filed a "Notice of Removal of Lower Court to Federal" referencing the State Court proceeding. To the extent Plaintiff seeks to remove the State Court action to this Court, he has not "provided a short and plain statement of the grounds for removal . . ." 28 U.S.C. § 1446(a).

*& Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (citations and internal quotation marks omitted). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

Here, Plaintiff fails to adequately allege that this Court has jurisdiction under a statutory grant, federal question jurisdiction, or diversity jurisdiction. Indeed, as the Complaint is unintelligible, it is impossible for the Court to discern a basis for subject matter jurisdiction. Accordingly, the Complaint must be dismissed without prejudice.[3] Based thereon, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of July, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

3 Plaintiff has filed multiple actions in this district, all of which have been dismissed as frivolous. *See Cole v. American Medical Assoc.*, 23-CV-60663-RS, *Cole v. U.S. Department of Treasury*, 23-60666-BB, *Cole v. Department of Justice*, 23-60604-RAR.